SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------- x

BENJAMIN PLAZA, JR.,

                Plaintiff,

    -against-

MICHAEL HEILBRON,

               Defendant.

-------------------------------------------------------------------- x

Index No.: _____/2009

Purchased: _____, 2009

Plaintiffs designate QUEENS
County as the place of trial.

The basis of venue is County
where plaintiff resides

Plaintiffs resides:
19-88 78th Street
East Elmhurst, New York

**SUMMONS**

*To the above named Defendant(s)*

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       March 26, 2009

To:   Michael Heilbron
      30-18 88th Street
      Flushing, New York 11369

                            _____
                            Eric E. Rothstein, Esq.
                            Rothstein Law PLLC
                            Attorneys for Plaintiff
                            11 Park Place, Suite 1801
                            New York, New York 10007
                            (212) 385-8015

*Notice: The nature of this action is* assault

*The relief sought is* monetary damages

*Upon failure to appear, judgment will be taken against you by default with interest from June 29, 2008, and the costs of this action.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------ x

| | |
|---|---|
| BENJAMIN PLAZA, JR., | Index No.: _____/2009 |
| Plaintiff, | **VERIFIED COMPLAINT** |
| -against- | |
| MICHAEL HEILBRON, | |
| Defendant. | |

------------------------------------------------------------------ x

Plaintiff, BENJAMIN PLAZA, JR., by his attorneys, ROTHSTEIN LAW PLLC, respectfully alleges as follows upon information and belief:

1. Plaintiff, BENJAMIN PLAZA, JR., is a resident of the County of Queens, City and State of New York.

2. Upon information and belief, defendant, MICHAEL HEILBRON, is resident of the County of Queens, City and State of New York.

3. That on June 29, 2008, in the County of Queens, City and State of New York, defendant, MICHAEL HEILBRON, assaulted plaintiff, BENJAMIN PLAZA, JR., thereby causing him to sustain severe and permanent injuries.

5. That the aforesaid conduct by defendant, MICHAEL HEILBRON, was without the consent of the plaintiff, BENJAMIN PLAZA, JR.

6. That the aforesaid conduct by defendant, MICHAEL HEILBRON, was offensive in nature.

7. That the aforesaid conduct by defendant, MICHAEL HEILBRON, was intentional.

8. That the aforesaid conduct by defendant, MICHAEL HEILBRON, was with the intent of cause physical, emotional and/or psychological harm and/or the injury caused to the plaintiff, BENJAMIN PLAZA, JR.

9. That the aforesaid conduct by the defendant, MICHAEL HEILBRON, placed the plaintiff, BENJAMIN PLAZA, JR. in imminent apprehension of harmful contact.

10. That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR., was due to the willful, wanton, intentional, reckless and/or malicious conduct of the defendant, MICHAEL HEILBRON and warrants punitive damages.

11. That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR., was due to the conduct of defendant, MICHAEL HEILBRON, and reflects utter indifference to the safety of others and specifically the safety of plaintiff, BENJAMIN PLAZA, JR..

12. That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR., was due to the conduct of defendant, MICHAEL HEILBRON and reflects a conscious disregard of the safety of others and specifically the safety of de plaintiff, BENJAMIN PLAZA, JR..

13. That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR., was due to the conduct of defendant, MICHAEL HEILBRON, and reflects a reckless disregard for human life and safety and specifically the life and safety of plaintiff, BENJAMIN PLAZA, JR..

14. That as a result of the foregoing, plaintiff, BENJAMIN PLAZA, JR., was rendered sick, sore, lame and disabled; sustained severe and painful personal injuries; sustained severe nervous shock, mental anguish and great physical pain; has suffered loss of enjoyment of life; was prevented from engaging in his usual occupation for a period of time; and since some of his injuries are of a permanent nature, he will continue to suffer similar damages in the future.

15. By reason of the foregoing, plaintiff, BENJAMIN PLAZA, JR., has been

damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction herein.

## AS AND FOR A SECOND CAUSE OF ACTION

16. Plaintiff, BENJAMIN PLAZA, JR., repeats and realleges each and every allegation set forth in paragraphs 1 through 15 as though set forth herein at length.

17. That on June 29, 2008, in the County of Queens, City and State of New York, defendant, MICHAEL HEILBRON, committed battery against plaintiff, BENJAMIN PLAZA, JR., thereby causing him to sustain severe and permanent injuries.

18. That the aforesaid conduct by defendant, MICHAEL HEILBRON, was without the consent of the plaintiff, BENJAMIN PLAZA, JR..

19. That the aforesaid conduct by defendant, MICHAEL HEILBRON, was offensive in nature.

20. That the aforesaid conduct by defendant, MICHAEL HEILBRON, was intentional.

21. That the aforesaid conduct by defendant, MICHAEL HEILBRON, was with the intent of cause physical, emotional and/or psychological harm and/or injury to the plaintiff, BENJAMIN PLAZA, JR..

22. That the aforesaid conduct by defendant, MICHAEL HEILBRON, caused bodily contact with plaintiff, BENJAMIN PLAZA, JR., that was offensive, and defendant, MICHAEL HEILBRON, intended to make the contact without plaintiff, BENJAMIN PLAZA, JR.'s consent.

23. That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR., was due to the willful, wanton, intentional, reckless and/or malicious conduct of the defendant, MICHAEL HEILBRON, warranting punitive damages.

24. That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR., was due to the conduct of defendant, MICHAEL HEILBRON, and reflects utter indifference to the safety of others and specifically the safety of plaintiff, BENJAMIN PLAZA, JR..

25. That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR. was due to the conduct of defendant, MICHAEL HEILBRON, and reflects a conscious disregard of the safety of others and specifically the safety of plaintiff, BENJAMIN PLAZA, JR..

26. That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR., was due to the conduct of defendant, MICHAEL HEILBRON, and reflects a reckless disregard for human life and safety and specifically the life and safety of plaintiff, BENJAMIN PLAZA, JR..

27. That as a result of the foregoing, plaintiff, BENJAMIN PLAZA, JR., was rendered sick, sore, lame and disabled; sustained severe and painful personal injuries; sustained severe nervous shock, mental anguish and great physical pain; has suffered loss of enjoyment of life; was prevented from engaging in his usual occupation for a period of time; and since some of his injuries are of a permanent nature, he will continue to suffer similar damages in the future.

28. By reason of the foregoing, plaintiff, BENJAMIN PLAZA, JR., has been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction herein.

**WHEREFORE,** plaintiff demands judgment against the defendant as follows:

(a) On the First Cause of Action, a monetary sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction herein;

    (b)    On the Second Cause of Action, a monetary sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction herein;

    (c)    The costs and disbursements of this action.

    (d)    Such other and further relief as this Court deems just and proper.

Dated:    New York, New York
           March 26, 2009

                                            Eric E. Rothstein, Esq.
                                            Rothstein Law PLLC
                                            Attorneys for Plaintiffs
                                            11 Park Place, Suite 1801
                                            New York, New York 10007
                                            (212) 385-8015

# VERIFICATION

STATE OF NEW YORK     )
                      : ss.:
COUNTY OF NEW YORK    )

BENJAMIN PLAZA, JR., being duly sworn, deposes and say:

I am the plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters I believe it to be true.

_____
BENJAMIN PLAZA, JR.

_____
Sworn to before me this
26th of March 2009

ERIC ROTHSTEIN
Notary Public, State of New York
No. _____
Qualified in New York County
Commission Expires June 15, 2000
2010

Index No.:                  /09

**SUPRMEME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

BENJAMIN PLAZA, JR,

                              Plaintiff,

-against-

MICHAEL HEILBRON,

                              Defendant.

**SUMMONS AND COMPLAINT**

**ROTHSTEIN LAW PLLC**
Attorneys for **Plaintiffs**
11 Park Place, Suite 1801
New York, New York 10007
212-385-8015

CERTIFICATION BY ATTORNEY:

The undersigned, an attorney duly admitted to practice in the Courts of the State of New York, shows:

I certify that, to the best of my knowledge, information and belief formed after an inquiry reasonable under the circumstance, the presentation of the paper(s) listed above or contention(s) herein are not frivolous as defined in §130-1.1(c).

_____
Eric E. Rothstein