SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------ x
BENJAMIN PLAZA, JR.,                       Index No.: 700053/2009

            Plaintiff,                **JUDGMENT**

    -against-

MICHAEL HEILBRON,

            Defendant.
------------------------------------------------------------ x

    A Notice of Motion, dated July 20, 2009, having been made by plaintiff, BENJAMIN PLAZA, JR., for an order granting him a default judgment over defendant, MICHAEL HEILBRON, pursuant to CPLR § 3215, and upon the reading and filing the Affirmation and exhibits in support thereof, and defendant having defaulted on said motion, and the Court having had due deliberation thereon,

    AND, the Court having rendered a decision and order dated August 31, 2009, and entered on September 1, 2009, granting plaintiff, BENJAMIN PLAZA, JR.'s, motion for a default judgment and setting the matter down for an Inquest on Damages,

    AND, the Court having conducted an Inquest on Damages on November 4, 2009,

    AND, the Court having issued an oral decision regarding said Inquest on November 4, 2009,

    NOW, ON MOTION of ROTHSTEIN LAW PLLC, attorneys for plaintiff, BENJAMIN PLAZA, JR., it is

    ADJUDGED, that plaintiff, BENJAMIN PLAZA, JR., residing at 19-88 78th Street, East Elmhurst, New York, 11370, have judgment against defendant, MICHAEL HEILBRON, residing at 30-18 88th Street, Flushing, New York 11369, in the principal

amount of $125,200.00 (one hundred twenty-five thousand two hundred dollars), plus costs in the amount of $_____ plus interest from August 31, 2009, in the amount of $_____ for a total judgment of $_____ and that BENJAMIN PLAZA, JR. shall have execution thereon.

                      ENTER:

                      _____
                      Clerk of the Supreme Court
                      Queens County

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------

BENJAMIN PLAZA, JR.,

                       Plaintiff,

- against -

MICHAEL HEILBRON,

                       Defendant.

-------------------------------------------------------------

Index No.: 700053/2009

BILL OF COSTS and
NOTICE OF TAXATION

| COSTS: | $ | DISBURSEMENTS: | $ |
|---|---|---|---|
| Costs before note of issue............ CPLR §8201 subd. 1 | 200.00 | Fee for index number CPLR§8018(a)............................... | 210.00 |
| Costs after note of issue............. CPLR §8201 subd. 2 | 200.00 | Referee's fees CPLR §8301(a)(1), 8003(a)....................... | |
| | | Commissioner's compensation CPLR §8301(a)(2)............ | |
| Trial of issue............................... CPLR §8201 subd. 3 | 300.00 | Clerk's fee, filing notice of pend. or attach. CPLR 8021(a)(10 .............................................................................) | |
| Allowance by statute ................... CPLR §8302(a), (b) | | Entering and docketing judgment CPLR §8301(a)(7), 8016(a)(2)........................................................................... | |
| Additional allowance.................... CPLR §8302(d) | | Paid for searches CPLR §8301(a)(10)............................... | |
| | | Affidavits & acknowledgments CPLR §8009..................... | |
| Motion costs ................................ CPLR §8202 | | Serving copy summons & complaint CPLR §8011(h)(1), 8301(d)................................................................................. | 37.00 |
| | | Request for Judicial Intervention....................................... | 95.00 |
| Appeal to Appellate Term............ CPLR §8203(b) | | Note of issue CPLR §8020(a) ........................................... | 30.00 |
| | | Paid referee's report CPLR §8301(a)(12)......................... | |
| Appeal to Appellate Division........ CPLR §8203(a) | | Certified copies of papers CPLR §8301(a)(4).................... | |
| | | Satisfaction piece CPLR §5020(a), 8021.......................... | |
| Appeal to Court of Appeals ......... CPLR §8204 | | Transcripts and filing CPLR §8021 .................................... | |
| | | Certified copy of judgment CPLR §8021........................... | |
| Costs upon frivolous claims and counterclaims................ CPLR §8303-a | | Postage CPLR §8301(a)(12)............................................. | |
| | | Jury fee CPLR §8020(c)...................................................... | |
| | | Stenographer's fees CPLR §8002, 8301 ........................... | 15.00 |
| | | Sheriff's fees on execution CPLR §8011, 8012 ................. | |
| | | Sheriff's fees, attachment, arrest, etc. CPLR §8011 ......... | |
| | | Paid printing cases CPLR §8301(a)(6) ............................. | |
| | | Clerk's fees Court of Appeals CPLR §8301(a)(12)............ | |
| | | Paid copies of papers CPLR §8016(a)(4) ......................... | |
| | | Motion expenses CPLR §8301(b)...................................... | 45.00 |
| | | Fees for publication CPLR §8301(a)(3) ............................ | |
| | | Serving subpoena CPLR §8011(h)1, 8301(d).................... | 57.00 |
| | | Paid for Search CPLR §8301(a)(10).................................. | |
| | | Filing Fees for Motions CPLR 8020(a). . . . . . . . . . . . . . . | |
| | | Appellate Printing CPLR § 8301(a) (6) & (12)................... | |
| | | Notice of Appeal ................................................................ | |
| Costs ........................................... | $ | Referee's report................................................................. | |
| | | Attendance of witnesses CPLR §8001(a)(b)(c), 8301(a)(1)........................................................................... | |
| Disbursements ............................ | $ | | |
| TOTAL ........................................ | $ | | $ |

1

State of New York, County of New York   ss.:

The undersigned, an attorney admitted to practice in the courts of this state, affirms:

I am ERIC E. ROTHSTEIN, a Member of ROTHSTEIN LAW PLLC, attorneys for the plaintiff in the above entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that each of the persons named as witnesses attended as such witness on the trial, hearing or examination before trial herein the number of days set opposite their names; that each of said persons resided the number of miles set opposite their names from the place of said trial, hearing or examination; and each of said persons, as such witness as aforesaid necessarily traveled the number of miles so set opposite their names in traveling to, and the same distance in return from, the same place of trial, hearing or examination; and that copies of documents are papers as charged herein were actually and necessarily obtained for use.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       November 12, 2009

_____
ERIC E. ROTHSTEIN

Case 1-18-01055-ess   Doc 13-7   Filed 12/20/18   Entered 12/20/18 13:21:46
Barasch McGarry     Fax:1-212-385-7845     Nov 12 2009 02:46pm P005/007

1

```
 1  SUPREME COURT OF THE STATE OF NEW YORK
    COUNTY OF QUEENS : CIVIL TERM : PART 2
 2  ------------------------------------------X

 3  BENJAMIN PLAZA, JR.,              Index No. 700053/2009

 4                  Plaintiff,        Decision

 5         -against-

 6  MICHAEL HEILBRON,

 7                  Defendant.

 8  ------------------------------------------X

 9                                  Supreme Courthouse
                                    88-11 Sutphin Boulevard
10                                  Jamaica, New York 11435
                                    November 4, 2009
11
    B E F O R E:
12                  HONORABLE ALLAN B. WEISS,

13                              Justice

14  A P P E A R A N C E S:

15       FOR THE PLAINTIFF:
         ROTHSTEIN LAW FIRM, PLLC
16       11 Park Place
         New York, 10007 (212)385-8015
17       BY: ERIC E. ROTHSTEIN, ESQ.

18

19

20

21

22                              SUSAN NAPOLI, CSR, RMR, CRR
                                Senior Court Reporter
23

24

25
```

                                                                    2
                              Decision

1           (The following constitutes the decision of the
2    Court, as requested:)
3           THE COURT:  Okay.  The Court is going to award
4    the plaintiff, for past pain and suffering, the sum of
5    $75,000.
6           Lorraine, got that?
7           THE COURT CLERK:  No, I didn't hear you.  I'm
8    sorry.
9           THE COURT:  Past pain and suffering, $75,000.
10          THE COURT CLERK:  Okay.
11          THE COURT:  For future pain and suffering,
12   $50,000, making a total of $125,000 for pain and
13   suffering, together with $200 for medical expenses, for
14   a total award of $125,200.
15          The above constitutes the decision of the
16   Court.  Enter judgment with a copy of the transcript.
17          (Pause in proceedings.)
18          THE COURT:  Interest from August 31st, 2009.
19          THE COURT CLERK:  To?
20          THE COURT:  Forever, till he gets paid.
21   ************************************
     CERTIFIED THAT THE FOREGOING IS A TRUE AND ACCURATE
22   TRANSCRIPT OF THE ORIGINAL STENOGRAPHIC MINUTES IN
     THIS CASE.
23
                    *Susan Napoli* (signature)
24              Susan Napoli, CSR, RMR, CRR
                Senior Court Reporter
25

                                                                   sn

Index No.:        700053/09

SUPRMEME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

BENJAMIN PLAZA, JR,

                                Plaintiff,

-against-

MICHAEL HEILBRON,

                                Defendant.

## JUDGMENT

**ROTHSTEIN LAW PLLC**
Attorneys for Plaintiff
11 Park Place, Suite 1801
New York, New York 10007
212-385-8015

CERTIFICATION BY ATTORNEY:

The undersigned, an attorney duly admitted to practice in the Courts of the State of New York, shows:

I certify that, to the best of my knowledge, information and belief formed after an inquiry reasonable under the circumstance, the presentation of the paper(s) listed above or contention(s) herein are not frivolous as defined in §130-1.1(c).

                                                _____
                                                Eric E. Rothstein