At an Ex Parte Part ____ of the
Supreme Court of the State of New
York, County of Queens, held in and
for the Courthouse located at 88-11
Sutphin Boulevard, Jamaica, NY, on
the ____ day of _____, 2016.

PRESENT: HONORABLE _____

J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------x

BENJAMIN PLAZA, JR.,

Index No. 4417/2011

*Plaintiffs,*

- against -                                              **ORDER TO SHOW CAUSE**

MICHAEL HEILBRON,

*Defendants.*

-------------------------------------------------------------------x

Upon the annexed Affirmation of Taso Pardalis, dated August 29, 2016, the affidavit of

MICHAEL HEILBRON (the "Plaintiff") sworn to on August 29, 2016, upon the Exhibits annexed

hereto, and upon all pleadings and proceedings heretofore had herein, let BENJAMIN PLAZA, JR.

(the "Plaintiff"), or his attorney, show cause at part _____, Room _____ at the Supreme Court of

the State of New York, County of Queens, at 88-11 Sutphin Boulevard, on the ____ day of

_____, 2016, at _____ in the a.m./p.m, or as soon thereafter as counsel can be

heard, why an Order should not be entered herein pursuant to CPLR §§ 317, 5015(a), and 6301, and

pursuant to the Court's inherent authority to do so in the interests of justice, granting the following :

    A.    A stay in the execution of judgment;

    B.    Vacating the default judgment against the Defendant pursuant to CPLR § 5015(a);

C.    A mandatory injunction pursuant to CPLR § 6301, compelling Plaintiff to cease garnishing the Defendant's current wages;

D.    Setting the matter on the calendar for a resolution of the case; and

E.    Such other and further relief as may be just, proper and equitable.

## NO PRIOR APPLICATION FOR THE RELIEF REQUESTED HEREIN HAS BEEN MADE BY THE DEFENDANT.

It is **ORDERED** that all proceedings on the part of Plaintiff, Plaintiff's counsel, the Sheriff or Marshal of any county of the State of New York or their agents, and employees, to collect or enforce the judgment, be and hereby are stayed pending a hearing and determination of this Motion.

It is further **ORDERED** that the wages currently being garnished from the Defendant's current wages be terminated.

Sufficient reasons appearing therefore, let service of a copy of this Order, together with the papers upon which it was granted, by certified mail, upon the Plaintiff's counsel, **Eric E. Rothstein, Esq., Rothstein Law PLLC, 11 Park Place, Suite 2801, New York, NY 10007** on or before the _____ day of _____, 2016, be deemed sufficient.


Dated: August ___, 2016



                                        ENTER,



                                        _____
                                        **J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------x
BENJAMIN PLAZA, JR.,

                Index No. 4417/2011

          *Plaintiffs,*

    - against -          **AFFIRMATION OF**
                     **EMERGENCY**
MICHAEL HEILBRON,

          *Defendants.*
-------------------------------------------------------------------x
To:   Eric E. Rothstein, Esq.
      Rothstein Law PLLC
      11 Park Place, Suite 2801
      New York, NY 10007

     I, **TASO PARDALIS**, hereby affirm under penalty of perjury that the following is true and correct:

    1.     I am a member of the Bar of the State of New York and a partner of Pardalis & Nohavicka LLP and am fully familiar with all matters herein based on personal knowledge and review of the files maintained in our office.

    2.     I submit this emergency affirmation in support of the Temporary Restraining Order and injunctive relief sought herein.

    3.     The facts and circumstances warranting the granting of a temporary restraining Order are fully set forth in the annexed affirmation.

    4.     Michael Heilbron ("Defendant") is, and will continue to be, harmed if the Benjamin Plaza, Jr. ("Plaintiff") is allowed to continue enforcing the Plaintiff's default judgment by garnishing the Defendant's current wages and jeopardizing the Defendant's admission into the New York City Police Academy. *Id.*

    5.     Due to an issue with service of the initial pleadings for the instant action,

enforcement of the Plaintiff's default judgment would be wholly improper, and would result in continued harm to the Defendant unless the instant Order to Show Cause is granted and Plaintiff is ordered to cease any further garnishment of wages and contact with the Defendant's current employer and future prospective employers.

6.    No prior application has been made by the Defendant for the instant relief.

**WHEREFORE**, Defendant respectfully requests that the Court sign the Order to Show Cause and for such other and further relief as the Court deems just and proper.

Dated: Astoria, New York
      August 29, 2016

                                  **PARDALIS & NOHAVICKA LLP**

By: _____
                                    Taso Pardalis
                                    *Attorneys for Defendant*
                                    35-10 Broadway, Suite 201
                                    Astoria, New York 11106
                                    Tel: 718-777-0400/Fax: 718-777-0599

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------x
BENJAMIN PLAZA, JR.,

                                          Index No. 4417/2011

                   *Plaintiffs,*

         - against -                     **AFFIRMATION IN SUPPORT**

MICHAEL HEILBRON,

                     *Defendants.*
---------------------------------------------------------------------x
       TASO PARDALIS, an attorney admitted to practice in the Courts of the State of New

York, affirms the following under penalties of perjury:

       1.      I am a partner with the firm Pardalis & Nohavicka, LLP, attorneys for Michael

Heilbron (the "Defendant").

       2.      As such, I am fully familiar with the facts and circumstances set forth herein.

       3.      The above entitled action was brought as a result of a brief and minor altercation

between the parties that allegedly resulted in the Plaintiff's physical injuries.

       4.      I submit this Affirmation and the annexed exhibits, which are true copies of

documents as stated, in support of the Defendant's instant Order to Show Cause respectfully

requesting that an Order be entered herein granting the following relief:

              A.      A stay in the execution of judgment;

              B.      Vacating the default judgment against the Defendant pursuant to CPLR §

                     5015(a);

              C.      A mandatory injunction pursuant to CPLR § 6301, compelling Plaintiff to

                     cease garnishing the Defendant's current wages;

              D.      Setting the matter on the calendar for a resolution of the case; and

E.      Such other and further relief as may be just, proper and equitable

## PROCEDURAL HISTORY

5.      On March 30, 2009, Benjamin Plaza, Jr. (the "Plaintiff") filed a Summons and Verified Complaint, which, at the time of filing, had an original index number of 700053/2009. *See* **EXHIBIT A** for a true and accurate copy of Plaintiff's Summons and Complaint.

6.      On June 18, 2009, the Plaintiff filed an affidavit of service stating that a copy of Plaintiff's Summons and Complaint was served upon an alleged coworker of the Defendant on June 12, 2009 at the Carlyle Hotel located at 52 E. 77th Street, and also mailed to the same address on June 15, 2009. *See*, **EXHIBIT B** for copies of service documents filed by Plaintiff.

7.      Additionally, Plaintiff's counsel submitted an affirmation of service signed on June 17, 2009, indicating that a copy of the Summons and Complaint was mailed by him to the Defendant's home address, located at 30-18 88th Street, Flushing, NY 11369. *Id.*

8.      On July 20, 2009, Plaintiff filed a Motion for Default Judgment based upon the Defendant's alleged failure to appear, which was mailed to both Defendant's home address and the Carlyle Hotel. *See* **EXHIBIT C** for a copy of the Default Motion.

9.      On November 18, 2009, the Court entered an Order and Judgment, granting the Plaintiff's Default Judgment Motion and awarding Plaintiff $128,739.96. *See* **EXHIBIT D**.

10.      According to the Docket, no Notice of Entry was ever filed with the Court. *See* **EXHIBIT E** for a print-out of the docket for *Plaza, Jr. v. Heilbron*, Index No. 700053/09.

11.      On January 12, 2011, the Plaintiff thereafter attempted to file a Motion to Compel the Plaintiff to respond to an information subpoena in order to execute his default judgment, however, the Court denied the Motion on February 16, 2011. *See* **EXHIBIT F**.

12.     In the same order, the matter was transferred to a hard file and given the instant index number. *Id.*

## PERTINENT FACTS

13.     Upon information and belief, the Plaintiff is an adult individual residing and/or doing business within the county of Queens, and subject to the jurisdiction of New York State.

14.     At all relevant times, the Defendant is an adult individual residing within the county of Queens, and subject to the jurisdiction of New York State.

15.     From 2006 to 2009, the Defendant was employed as an assistant manager at the Carlyle Hotel in Manhattan, in charge of hotel staff. *See*, Defendant's Affidavit at ¶ 3.

16.     At no time while employed by the Carlyle Hotel did the Defendant receive or send any mail or correspondence from the Carlyle Hotel's business address, nor was the Defendant ever authorized to do so. *Id.*

17.     Prior to July 2008, the parties were, at one time, high school friends residing in the same neighborhood. It was not uncommon for Plaintiff to come over to the Defendant's home and eat dinner with the Defendant's family. *See* Defendant's Affidavit at ¶ 4.

18.     However, in July 2008, both twenty-three year old Plaintiff and Defendant became involved in a physical altercation that lasted a matter of minutes, and afterwards, they parted ways. *Id.* at ¶ 5.

19.     Upon information and belief, the Plaintiff at no time immediately after the altercation appeared to be in any substantial pain nor appeared to be suffering from any substantial injury. *Id.*

20.     Shortly thereafter, a detective contacted the Defendant and requested that he come to the precinct, where Defendant later learned that the Plaintiff had filed criminal charges against him for their brief and meaningless tussle. *Id.* at ¶ 6.

21.     Being a young adult with no prior criminal history, and therefore no knowledge of what else to do, the Defendant heeded the instruction of a public defender that was randomly assigned to him, and agreed to a misdemeanor charge of assault, five days community service, and compliance with the issuance of a temporary restraining order. *Id.* at ¶ 7.

22.     Defendant dutifully completed his community service and stayed as far away from the Plaintiff as he possibly could, even going as far as to Florida to stay at a family's residence for brief and sporadic periods of time, and relocating to live at his then-wife's home. *Id.* at ¶ 8; *see also*, **EXHIBIT G** for deed showing wife's address and Defendant's Florida Driver's license.

23.     However, it was not until recently, while the Defendant was in the process of applying for the Police Academy, when the Defendant discovered that the Plaintiff was attempting to garnish his wages in order to enforce a default judgment he had been granted in 2011. *See* Defendant's Affidavit at ¶ 9; *see also* Exhibits A-F.

24.     Specifically, upon information and belief, the Plaintiff issued a subpoena upon the investigator performing the Defendant's background check for the Police Academy in order to determine where the Defendant is currently employed for the sole purpose of wage garnishment. *See* Defendant's Affidavit at ¶ 10.

25.     The Defendant now seeks to vacate the default judgment in order to preserve his right to his day in court, and to protect his future as a potential New York City police officer.

**WHEREFORE**, it is respectfully requested that Defendant's Order to Show Cause and request to vacate the Plaintiff's default judgment be granted in its entirety, together with such other and further relief as this Court deems just, proper and equitable.

Dated:  Astoria, New York
        August 29, 2016

                                          **PARDALIS & NOHAVICKA, LLP**

By:

                                          TASO PARDALIS
                                          *Attorneys for Plaintiff*
                                          35-10 Broadway – Suite 201
                                          Astoria, New York 11106
                                          T: 718.777.0400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------x
BENJAMIN PLAZA, JR.,

                                            Index No. 4417/2011

                   *Plaintiffs,*

    - against -

MICHAEL HEILBRON,

                   *Defendants.*
--------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>DEFENDANT'S ORDER TO SHOW CAUSE</u>

**PARDALIS & NOHAVICKA, LLP**
*Attorneys for Defendant*
35-10 Broadway, Suite 201
Astoria, New York 11106
Tel:   718.777.0400
Fax:   718.777.0599

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------x
BENJAMIN PLAZA, JR.,

Index No. 4417/2011

*Plaintiffs,*

- against -                                    **MEMORANDUM OF LAW**

MICHAEL HEILBRON,

*Defendants.*
------------------------------------------------------------------x

Defendant, Michael Heilbron (the "Defendant"), by his attorneys, Pardalis & Nohavicka,

LLP, respectfully submits this Memorandum of Law in support of Defendant's Order to Show Cause,

seeking to vacate the Default Judgment awarded to the Plaintiff, Benjamin Plaza, Jr. (the "Plaintiff").

## PRELIMINARY STATEMENT

Defendant is entitled to vacatur of the default judgment issued against him, as service of the

Plaintiff's pleadings was completed improperly, and Defendant will continue to incur damage should

enforcement of the default continue, as the garnishment of his wages caused by the default judgment

has caused substantial financial strain on the Defendant, and has also jeopardized the Defendant's

future employment as a potential New York City Police Officer.

## PROCEDURAL HISTORY AND PERTINENT FACTS

The procedural history of this matter, as well as the pertinent facts, are fully set forth in

the Affirmation of Taso Pardalis, affirmed on August 29, 2016, and is incorporated by reference

as if fully set forth herein.

## ARGUMENT

**I.    CPLR §§ 317 & 5015(a) MANDATE VACATUR OF THE DEFAULT JUDGMENT.**

9

A party who was not served personally and does not appear may be relieved of a default judgment and allowed to defend an action "within one year after he obtains knowledge of entry of the judgment, but in no event more than five years after such entry," upon a showing that no notice of the summons was received in sufficient time to defend said action, and that the party has a meritorious defense to the action." CPLR § 317. No other excuse for the default need be shown. *See, Gardner v Another Phyllis's,* 216 A.D.2d 620 (3d Dept 1995).

Further statutory authority for vacating a default judgment can also be found in CPLR § 5015(a), which provides in pertinent part as follows:

> Rule 5015. Relief from judgment or order
>
> (a) On motion. The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of:
>
> 1. excusable default, if such motion is made within one year after a service of a copy of the judgment or order with written notice of its entry upon the moving party, or , if the moving party has entered a judgment or order, within one year after such entry; or
>
> 4. lack of jurisdiction to render the judgment or order

CPLR § 5015(a)(1) & (4).

In addition to the grounds set forth in CPLR § 5015(a), a court may vacate its own judgment for sufficient reason and in the interests of substantial justice. *See, Ladd v. Stevenson,* 112 N.Y. 325, 332, 19 N.E. 842 (1889); *Woodson v. Mendon Leasing Corp.,* 100 N.Y.2d 62, 68 (2003) ("[A] court is vested with the inherent power to "vacate its own judgment for sufficient reason and in the interests of substantial justice").

### *A. Excusable Default and Lack of Personal Jurisdiction Based on Improper Service.*

Here, the Defendant was never personally served with any documents relating to the instant action. *See* Exhibit B. Instead, the Plaintiff's summons and complaint was served upon an individual named Jack Sheldon, another employee of the Carlyle Hotel, and two days later, the documents were mailed to the Carlyle Hotel's business address. *Id.* However, at no time did the Defendant know of any individual named Jack Sheldon employed at the Carlyle Hotel, nor did the Defendant ever receive any documents from an individual by that name. *See* Defendant's Affidavit at ¶ 3. Considering how large the Carlyle Hotel is, and the amount of employees working for the hotel, it is not unreasonable for the Defendant not to know who Mr. Sheldon was. Defendant was also never authorized to send or receive personal mail using the Carlyle Hotel's business address, and as such, he never received nor expected to receive mail at this address. *Id.*

Lastly, Defendant never received the Summons and Complaint affirmed by Plaintiff's counsel to have been mailed to the Defendant's home address. *See* Exhibit B. After the altercation and imposed criminal charges, Defendant rarely stayed at the address to which the papers were sent, as he either traveled often to Florida or stayed at his then-wife's home located at 28-11 44th Street, East Elmhurst, New York. *See* Defendant's Affidavit at ¶ 8; *see also* Exhibit G for a deed transfer dated August 20, 2012 showing the Defendant's residence at the 44th Street address. However, even if the Defendant had received the pleadings in the mail, such a mailing does not conform to proper service under CPLR § 308 (Personal Service on an Individual).

The foregoing therefore shows that the Defendant did not receive proper notice of the summons in a sufficient enough time to defend as required by CPLR § 317. Plaintiff's improper services also constitutes a lack of personal jurisdiction over the Defendant, and serves as a reasonable excuse for the Defendant's default under §5015(a).

### B. Meritorious Defense

In assault and battery actions, self-defense is generally held to be a proper defense when the alleged tortfeasor has a fear of bodily injury from apparent danger. *Van Vooren v. Cook*, 273 A.D. 88, 75 N.Y.S.2d 362 (4th Dep't 1947). The instant action is based on a brief physical alternation between two young individuals who were formerly good friends. *See*, Defendant's Affidavit at ¶ 5. After the quick altercation, both parted ways. *Id.* The Defendant's actions were in response to the Plaintiff's actions, and at no point did the Defendant ever have any indication that the Plaintiff suffered any sort of injury, nor are there any medical records provided anywhere on the record.

Even if Plaintiff were significantly injured, the Defendant would still not be barred from asserting a claim of self-defense because New York courts customarily will not find a defendant liable on the mere basis that any retaliatory actions resulted in more injury than would have been necessary to forestall the attack. *Dupre v. Maryland Mgmt. Corp.*, 283 App.Div. 701, 127 N.Y.S.2d 615 (1st Dep't 1954) ("That the blow or blows in retaliation resulted in more serious injury than might have been sufficient to stall the attack is not the test of use of excessive force."); *McCombs v. Hegarty*, 205 Misc. 937, 130 N.Y.S.2d 547 (City Ct., Bronx County, 1954). Therefore, the Defendant can maintain a meritorious defense to the underlying tort action.

### C. Timing of the Instant Motion to Vacate Default Judgment.

No time limit applies to a motion to vacate a default judgment that is void for lack of jurisdiction, as the Defendant asserts herein. CPLR § 5015(a)(4); *see also*, *H. v. M.*, 47 A.D.3d 629, 850 N.Y.S.2d 480 (2d Dep't 2008). Even despite jurisdictional excuses, courts have forgiven tardiness in making default judgment vacatur motions on many occasions. *See*, *e.g.*, *Girardo v. 99-27 Realty, LLC*, 2009, 62 A.D.3d 659, 878 N.Y.S.2d 401 (2d Dep't); *Machnick Builders, Ltd. v. Grand Union Co.*, 1976, 52 A.D.2d 655, 381 N.Y.S.2d 551 (3d Dep't).

The courts' inherent power to relieve parties from default judgments is not subject to the one-year limitation provided for statutory relief. *McMahon v. City of New* York, 105 A.D.2d 101, 483 N.Y.S.2d 228 (1st Dept. 1984). The one-year period under 5015(a)(1) is not meant to serve as statute of limitations, and a showing of justification for tardiness of motion should invoke the court's inherent discretionary power. *Maloney v. McMillan Book Co*., 52 Misc.2d 1006, 277 N.Y.S.2d 499 (1967).

As stated above, the Defendant maintains a reasonable excuse for default based on a lack of personal jurisdiction arising from Plaintiff's improper service on the Defendant. Thus, the instant motion should not be deemed as untimely. Nevertheless, given the court's inherent powers to accept the instant motion, and the court's judicial preference for resolving cases on the merits, the existence of possible meritorious defenses to the Plaintiff's claims, and the absence of any indication that the Defendant's default in answering the complaint was willful, this Honorable Court should grant the Defendant's vacatur relief. *See, Atkins v Malota*, 1 A.D.3d 294 (2003); *Child v. Boss Models, Inc*., 20 Misc. 3d 129 (2008 NY Slip Op 51407)(App. Term. 1st Dep't 2008).

## II.    ENTITLEMENT TO PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER.

The decision whether to grant a motion for preliminary relief is committed to the sound discretion of the trial court. *See, James v. Board of Educ.*, 42 N.Y.2d 357, 363-64; *Jiggetts v. Perales*, 202 A.D.2d 341, 342 (1st Dep't 1994). The standard for issuing a temporary restraining order and a preliminary injunction are the same. *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228-29 (2d Cir. 1992). In exercising this discretion, the Court should consider whether the movant has shown: "(1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a

balance of the equities tipping in the moving party's favor." *Doe v. Axelrod*, 73 N.Y.2d at 750, 536 N.Y.S.2d at 45; accord *Aetna Ins. Co. v. Capasso*, 75 N.Y.2d 860, 862, 552 N.Y.S.2d 918, 919 (1990); *Housing Works, Inc. v. City of New York*, 255 A.D.2d 209, 213 (1st Dep't 1998).

The first factor, likelihood of success on the merits, does not require the Plaintiff to prove with certainty that he would prevail at trial; rather, "[i]t is enough if the moving party makes a prima facie showing of his right to relief; the actual proving of his case should be left to the full hearing on the merits. . . ." *Tucker v. Toia*, 54 A.D.2d 322, 326, 388 N.Y.S.2d 475, 478 (4th Dep't 1976). As discussed above, the Defendant has a meritorious defense to the underlying tort action, which is likely to be successful.

Secondly, a preliminary injunction is granted in circumstances where injunctive relief would prevent the potential dissolution of an existing valuable asset or some comparable potential irreparable harm. *See, e.g.*, *Burmax Co., Inc. v. B&S Indus, Inc.*, 135 A.D.2d 599, 600 (1987). The existence of factual disputes will not bar the court from granting a preliminary injunction if one is necessary to maintain the status quo and the party to be enjoined will suffer no great hardship as the result of its issuance. *Id.* Here, granting a preliminary injunction would prevent the significant irreparable harm incurred by the Defendant from the garnishment of his wages. Conversely, Plaintiff would suffer little hardship, as he waited until years after receiving his default judgment before enforcing it.

Lastly, the balance of equities overwhelmingly favors granting the Defendant's request for a preliminary injunction and temporary restraining order, as there is no proof on the record evidencing that the Plaintiff suffered enough pain or injury to warrant being awarded over $124,000.00. *See* Defendant's Affidavit at ¶ 5. Thus, as all three prongs required for a preliminary injunction can be satisfied, the Plaintiff respectfully requests that Plaintiff be enjoined from

14

further garnishment of the Defendant's wages.

## NO PREVIOUS REQUEST FOR RELIEF

The Defendant has made no other prior request for the relief sought in this application in this or any other Court.

**WHEREFORE**, Defendant respectfully requests that an Order be entered herein granting the following relief:

        A.     A stay in the execution of judgment;

        B.     Vacating the default judgment against the Defendant pursuant to CPLR § 5015(a);

        C.     A mandatory injunction pursuant to CPLR § 6301, compelling Plaintiff to cease garnishing the Defendant's current wages;

        D.     Setting the matter on the calendar for a resolution of the case; and

        E.     Such other and further relief as may be just, proper and equitable

Dated: Astoria, New York
      August 29, 2016

                           **PARDALIS & NOHAVICKA, LLP**

                    By:

                         Taso Pardalis
                         *Attorneys for Defendant*
                         35-10 Broadway, Suite 201
                         Astoria, New York 11106
                         Tel:    718-777-0400
                         Fax:    718-777-0599

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------x

BENJAMIN PLAZA, JR.,

Index No. 4417/2011

*Plaintiffs,*

- against -

**AFFIDAVIT OF FACTS**

MICHAEL HEILBRON,

*Defendant.*
----------------------------------------------------------------x

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF QUEENS     )

    **MICHAEL HEILBRON**, being duly sworn, deposes and says:

    1.    I am the named defendant in the above-captioned matter, and as such, I have personal knowledge of all facts alleged herein. I make this affidavit in support of the instant Order to Show Cause requesting that an Order be entered herein, pursuant to CPLR §§317, 5015(a) & 6301.

    3.    From 2006 to 2009, at the age of twenty-three, I was employed as an assistant manager in charge of restaurant and cleaning staff at the Carlyle Hotel in Manhattan, working approximately forty hours per week. At no time while employed by the Carlyle Hotel did I ever receive or send personal mail using the Hotel's business address, nor was I authorized to do so.[1]

    4.    Prior to February 2008, the Plaintiff and I were very good friends who met in high school and resided in the same general neighborhood. It was not uncommon for the Plaintiff to come over to my home on occasion for dinner with my family.

    5.    However, in July 2008, the Plaintiff and I became involved in an altercation that lasted a matter of minutes. Immediately following the altercation, I did not see, nor do I believe,

---

[1] My attorneys informed me that Plaintiff served process on a Carlyle Hotel employee named Jack Sheldon. I have no knowledge of who this person is, I never received any documents from any person with such a name, nor can I confirm that such person worked at the Carlyle Hotel at the same time that I was employed there.

1

that the Plaintiff appeared to be in pain from our fight, nor did he appear to be suffering from any substantial injury. Afterwards, we parted ways. This was the last time I recall seeing the Plaintiff.

6.    A day or so later, a detective contacted me and asked that I go to a precinct, where I later discovered that Plaintiff had filed criminal charges against me for our brief fight.

7.    Being a young adult with no prior criminal history, and therefore no knowledge of what else to do, I simply heeded the instruction of a public defender that was randomly assigned to my case, which led me to agree to a misdemeanor charge of assault, five days community service, and compliance with the issuance of a temporary restraining order.

8.    In an effort to put this horrible experience behind me, I completed the community service and took extra lengths to stay as far away from the Plaintiff as I possibly could, sometimes going as far as to stay with family in Florida to stay with family. I also temporarily relocated to live with my wife at the time (we have since divorced) at her home. *See*, **EXHIBIT G** for my Florida Driver's License and a deed document August 20, 2012 showing that I resided at 28-11 44th Street, East Elmhurst, New York, which is my ex-wife's address.

9.    However, it was not until recently, while trying to complete my application for the NYC Police Academy, when I found out that the Plaintiff was trying to garnish my current wages in order to enforce a default judgment that had apparently been granted against me in 2011.

10.    Specifically, I was told that the Plaintiff's attorney issued a subpoena upon the investigator performing my background check for the Police Academy in order to determine where I am currently employed for the sole purpose of garnishing my wages.

11.    I have reason to believe that this discovery has more than likely jeopardized my acceptance into the Police Academy. Therefore, I wish to vacate the default judgment in order to preserve my right to my day in court, and to protect my future as a potential NYC police officer.

**WHEREFORE**, your deponent respectfully requests that the within motion to vacate the default judgment be GRANTED in its entirety.

MICHAEL HEILBRON, *Defendant*

Sworn to before me this

29 day of AUGUST , 2016

Notary Public

ASHLEY SERRANO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SE6320321
Qualified in Queens County
My Commission Expires March 02, 2019

Index No.:  4417/2011                                      16MIS104

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

BENJAMIN PLAZA, JR.,

*Plaintiff,*

-- against --

MICHAEL HEILBRON,

*Defendant,*

# ORDER TO SHOW CAUSE

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous:

Dated:       Astoria, New York
             August , 2016
                                        _____
                                        TASO PARDALIS

PARDALIS & NOHAVICKA, LLP
*Attorneys for Defendant*
34-03 Broadway, Suite 200
Astoria, New York 11106
Tel:    718.777.0400
Fax:    718.777.0599

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------- x

BENJAMIN PLAZA, JR.,

        Plaintiff,

      -against-

MICHAEL HEILBRON,

        Defendant.

---------------------------------------------------------------- x

Index No.: _____/2009

Purchased: _____, 2009

Plaintiffs designate QUEENS
County as the place of trial.

The basis of venue is County
where plaintiff resides

Plaintiffs resides:
19-88 78th Street
East Elmhurst, New York

**SUMMONS**

*To the above named Defendant(s)*

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
      March 26, 2009

To:   Michael Heilbron
      30-18 88th Street
      Flushing, New York 11369

                            Eric E. Rothstein, Esq.
                            Rothstein Law PLLC
                            Attorneys for Plaintiff
                            11 Park Place, Suite 1801
                            New York, New York 10007
                            (212) 385-8015

*Notice: The nature of this action is* assault

*The relief sought is* monetary damages

*Upon failure to appear, judgment will be taken against you by default with interest from June 29, 2008, and the costs of this action.*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------- x

BENJAMIN PLAZA, JR.,                                    Index No.: _____/2009

                              Plaintiff,                **VERIFIED COMPLAINT**

              -against-

MICHAEL HEILBRON,

                              Defendant.
-------------------------------------------------------------------- x

Plaintiff, BENJAMIN PLAZA, JR., by his attorneys, ROTHSTEIN LAW PLLC, respectfully alleges as follows upon information and belief:

1.    Plaintiff, BENJAMIN PLAZA, JR., is a resident of the County of Queens, City and State of New York.

2.    Upon information and belief, defendant, MICHAEL HEILBRON, is resident of the County of Queens, City and State of New York.

3.    That on June 29, 2008, in the County of Queens, City and State of New York, defendant, MICHAEL HEILBRON, assaulted plaintiff, BENJAMIN PLAZA, JR., thereby causing him to sustain severe and permanent injuries.

5.    That the aforesaid conduct by defendant, MICHAEL HEILBRON, was without the consent of the plaintiff, BENJAMIN PLAZA, JR.

6.    That the aforesaid conduct by defendant, MICHAEL HEILBRON, was offensive in nature.

7.    That the aforesaid conduct by defendant, MICHAEL HEILBRON, was intentional.

8.    That the aforesaid conduct by defendant, MICHAEL HEILBRON, was with the intent of cause physical, emotional and/or psychological harm and/or the injury caused to the plaintiff, BENJAMIN PLAZA, JR.

3

9.     That the aforesaid conduct by the defendant, MICHAEL HEILBRON, placed the plaintiff, BENJAMIN PLAZA, JR. in imminent apprehension of harmful contact.

10.     That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR., was due to the willful, wanton, intentional, reckless and/or malicious conduct of the defendant, MICHAEL HEILBRON and warrants punitive damages.

11.     That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR., was due to the conduct of defendant, MICHAEL HEILBRON, and reflects utter indifference to the safety of others and specifically the safety of plaintiff, BENJAMIN PLAZA, JR..

12.     That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR., was due to the conduct of defendant, MICHAEL HEILBRON and reflects a conscious disregard of the safety of others and specifically the safety of de plaintiff, BENJAMIN PLAZA, JR..

13.     That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR., was due to the conduct of defendant, MICHAEL HEILBRON, and reflects a reckless disregard for human life and safety and specifically the life and safety of plaintiff, BENJAMIN PLAZA, JR..

14.     That as a result of the foregoing, plaintiff, BENJAMIN PLAZA, JR., was rendered sick, sore, lame and disabled; sustained severe and painful personal injuries; sustained severe nervous shock, mental anguish and great physical pain; has suffered loss of enjoyment of life; was prevented from engaging in his usual occupation for a period of time; and since some of his injuries are of a permanent nature, he will continue to suffer similar damages in the future.

15.     By reason of the foregoing, plaintiff, BENJAMIN PLAZA, JR., has been

4

damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction herein.

## AS AND FOR A SECOND CAUSE OF ACTION

16.     Plaintiff, BENJAMIN PLAZA, JR., repeats and realleges each and every allegation set forth in paragraphs 1 through 15 as though set forth herein at length.

17.     That on June 29, 2008, in the County of Queens, City and State of New York, defendant, MICHAEL HEILBRON, committed battery against plaintiff, BENJAMIN PLAZA, JR., thereby causing him to sustain severe and permanent injuries.

18.     That the aforesaid conduct by defendant, MICHAEL HEILBRON, was without the consent of the plaintiff, BENJAMIN PLAZA, JR..

19.     That the aforesaid conduct by defendant, MICHAEL HEILBRON, was offensive in nature.

20.     That the aforesaid conduct by defendant, MICHAEL HEILBRON, was intentional.

21.     That the aforesaid conduct by defendant, MICHAEL HEILBRON, was with the intent of cause physical, emotional and/or psychological harm and/or injury to the plaintiff, BENJAMIN PLAZA, JR..

22.     That the aforesaid conduct by defendant, MICHAEL HEILBRON, caused bodily contact with plaintiff, BENJAMIN PLAZA, JR., that was offensive, and defendant, MICHAEL HEILBRON, intended to make the contact without plaintiff, BENJAMIN PLAZA, JR.'s consent.

23.     That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR., was due to the willful, wanton, intentional, reckless and/or malicious conduct of the defendant, MICHAEL HEILBRON, warranting punitive damages.

24.    That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR., was due to the conduct of defendant, MICHAEL HEILBRON, and reflects utter indifference to the safety of others and specifically the safety of plaintiff, BENJAMIN PLAZA, JR..

25.    That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR. was due to the conduct of defendant, MICHAEL HEILBRON, and reflects a conscious disregard of the safety of others and specifically the safety of plaintiff, BENJAMIN PLAZA, JR..

26.    That the aforesaid occurrence and resulting injuries to plaintiff, BENJAMIN PLAZA, JR., was due to the conduct of defendant, MICHAEL HEILBRON, and reflects a reckless disregard for human life and safety and specifically the life and safety of plaintiff, BENJAMIN PLAZA, JR..

27.    That as a result of the foregoing, plaintiff, BENJAMIN PLAZA, JR., was rendered sick, sore, lame and disabled; sustained severe and painful personal injuries; sustained severe nervous shock, mental anguish and great physical pain; has suffered loss of enjoyment of life; was prevented from engaging in his usual occupation for a period of time; and since some of his injuries are of a permanent nature, he will continue to suffer similar damages in the future.

28.    By reason of the foregoing, plaintiff, BENJAMIN PLAZA, JR., has been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction herein.

**WHEREFORE,** plaintiff demands judgment against the defendant as follows:

(a)    On the First Cause of Action, a monetary sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction herein;

6

(b)    On the Second Cause of Action, a monetary sum that exceeds the jurisdictional

limits of all lower courts that might otherwise have jurisdiction herein;

(c)    The costs and disbursements of this action.

(d)    Such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          March 26, 2009

                                   Eric E. Rothstein, Esq.
                                   Rothstein Law PLLC
                                   Attorneys for Plaintiffs
                                   11 Park Place, Suite 1801
                                   New York, New York 10007
                                   (212) 385-8015

# VERIFICATION

STATE OF NEW YORK )
              : ss.:
COUNTY OF NEW YORK )

      BENJAMIN PLAZA, JR., being duly sworn, deposes and say:

      I am the plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters I believe it to be true.

                                           BENJAMIN PLAZA, JR.

Sworn to before me this
26th of March 2009

ERIC ROTHSTEIN
Notary Public, State of New York
Qualified in New York County
Commission Expires June 15, 2010

8

Index No.:                    /09

**SUPRMEME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

BENJAMIN PLAZA, JR,

                                    Plaintiff,

              -against-

MICHAEL HEILBRON,

                                    Defendant.

## SUMMONS AND COMPLAINT

**ROTHSTEIN LAW PLLC**
Attorneys for **Plaintiffs**
11 Park Place, Suite 1801
New York, New York 10007
212-385-8015

CERTIFICATION BY ATTORNEY:

The undersigned, an attorney duly admitted to practice in the Courts of the State of New York, shows:

I certify that, to the best of my knowledge, information and belief formed after an inquiry reasonable under the circumstance, the presentation of the paper(s) listed above or contention(s) herein are not frivolous as defined in §130-1.1(c).

_____
Eric E. Rothstein

# EXHIBIT B



Form 2 – SUITABLE WITH MILITARY

NI

**ROTHSTEIN LAW PLLC**   ROTHSTEIN LAW PLLC
SUPREME COURT QUEENS COUNTY
--------------------------------------------------------

BENJAMIN PLAZA, JR

                                        PLAINTIFF

                    - vs -

MICHAEL HEILBRON

                                        DEFENDANT
--------------------------------------------------------

index No. **700053/09**
Date Filed

Office No.
Court Date.

STATE OF NEW YORK, COUNTY OF NEW YORK :SS:

**Samara D. Kane** being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York. That on the **12TH** day of **JUNE, 2009 12:47PM** at

          **%CARLYLE HOTEL–STEWARDING DEPT. 52 E. 77TH ST. SERVICE ENTRANCE
          NEW YORK NY 10021**
I served the **SUMMONS AND VERIFIED COMPLAINT,**
upon **MICHAEL HEILBRON**
the **DEFENDANT** therein named by delivering and leaving a true copy or copies of the aforementioned documents with **JACK SHELDON, CO-WORKER**
a person of suitable age and discretion.
                    Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows.

                    SEX: **MALE**  COLOR: **WHITE** HAIR: **BLACK**
                    APP.AGE: **25** APP. HT: **6'2** APP. WT: **170**
                    OTHER IDENTIFYING FEATURES

On **06/15/2009** I deposited in the United States mail another true copy of the aforementioned documents properly enclosed and sealed in a post-paid wrapper addressed to the said **DEFENDANT** at the above address. That being
**the place of business of the DEFENDANT.**

Copy mailed 1st class mail marked personal and confidential not indicating on the outside thereof by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

COMMENTS:

That at the time of service, as aforesaid, I asked the **person spoken to** whether the DEFENDANT was in the military service of the United States Government, or of the State of New York, and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid I aver that the **DEFENDANT** is not in the military service, and is not dependent on anyone in the military service of the United States Government or the State of New York, as that term is defined in statutes of the State of New York, or of the Federal Soldiers and Sailors Civilian Relief Act.

Sworn to before me this
15TH day of JUNE, 2009

SAMSON NEWMAN
Notary Public, NEW YORK COUNTY
  01NE4783767
Qualified in NEW YORK COUNTY
Commission Expires 11/03/2009

Samara D. Kane 1300503
AETNA CENTRAL JUDICIAL SERVICES
255 BROADWAY, SUITE 1802
NEW YORK, NY, 10007
Reference No: 3-EER-11800

## AFFIRMATION OF SERVICE

STATE OF NEW YORK    )
                        )ss.:
COUNTY OF NEW YORK  )

      ERIC E. ROTHSTEIN, an attorney duly admitted to practice law before the Courts of the State of New York, being duly affirmed pursuant to CPLR § 2106, deposes and says:

      I am not a party to the within action; I am over 18 years of age; I reside in New York, New York.

      On June 17, 2009, I served a copy of the original **Summons and Complaint** upon:

Mr. Michael Heilbron
30-18 88th Street
Flushing, New York 11369

at the above address, defendant's last known residence, by depositing a true copy of same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Service within the State of New York. Said summons and complaint was mailed in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the defendant.

Dated:      New York, New York
              June 17, 2009

                                        _____
                                        Eric E. Rothstein

Index No.:          700053/09

## SUPRMEME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

BENJAMIN PLAZA, JR,

                                        Plaintiff,

           -against-

MICHAEL HEILBRON,

                              Defendant.

---

### AFFIDAVIT OF SERVICE

---

**ROTHSTEIN LAW PLLC**
Attorneys for **Plaintiffs**
11 Park Place, Suite 1801
New York, New York 10007
212-385-8015

---

CERTIFICATION BY ATTORNEY:

The undersigned, an attorney duly admitted to practice in the Courts of the State of New York, shows:

I certify that, to the best of my knowledge, information and belief formed after an inquiry reasonable under the circumstance, the presentation of the paper(s) listed above or contention(s) herein are not frivolous as defined in §130-1.1(c).

_____
                    Eric E. Rothstein

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------ x

BENJAMIN PLAZA, JR.,

                  Plaintiff,

                -against-

MICHAEL HEILBRON,

                  Defendant.

------------------------------------------------------------------ x

Index No.: 700053/2009

**NOTICE OF MOTION**

No Judge Assigned

      **PLEASE TAKE NOTICE** that, upon the affirmation of Eric E. Rothstein, dated July 20, 2009, and upon all the pleadings and proceedings heretofore had herein, the undersigned will move this Court at the Supreme Court of the Queens, at the Courthouse located at 88-11 Sutphin Boulevard, Jamaica, New York, in at IAS Part to be determined, on the 12th day of August, 2009, at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard for an order:

      1.     Granting plaintiff, BENJAMIN PLAZA, JR., a default judgment against defendant, MICHAEL HEILBRON, pursuant to CPLR 3215(g);

      2.     Setting this matter down for an Inquest on damages; and

      3.     For such other and further relief as appears just and proper in the circumstances.

Dated: New York, New York
       July 20, 2009

                            *Eric E. Rothstein*
                            Eric E. Rothstein
                            Rothstein Law PLLC
                            Attorneys for Plaintiff
                            11 Park Place, Suite 1801
                            New York, New York 10007
                            (212) 385-8015

To:    Michael Heilbron
       30-18 88th Street
       Flushing, New York 11369
       (home address)

       Michael Heilbron
       c/o The Carlyle Hotel
       Stewarding Department
       52 East 77th Street
       New York, New York 10021
       (work address)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------- x

BENJAMIN PLAZA, JR.,                                    Index No.: 700053/2009

                    Plaintiff,                          **AFFIRMATION**

             -against-

MICHAEL HEILBRON,

                    Defendant.
------------------------------------------------------------------- x

      ERIC E. ROTHSTEIN, an attorney duly admitted to practice in the Courts of the State of

New York, and a member of ROTHSTEIN LAW PLLC, attorneys for plaintiff, BENJAMIN

PLAZA, JR, makes the following statements, upon information and belief, under penalties of

perjury; said statements being based on papers contained in the file maintained by plaintiff's

aforesaid attorneys.

      1.     Plaintiff seeks a default judgment against defendant, MICHAEL HEILBRON,

pursuant to CPLR 3215(g).

      2.     This action follows defendant's assault and battery on plaintiff on or about June

29, 2008.  Plaintiff timely commenced this action on March 30, 2009, by filing a summons and

complaint in Supreme Court, Queens County. Plaintiff filed the summons and complaint

electronically via the Court's ECF program. A copy of the Summons and Complaint is attached

as Exhibit A.

      3.     On June 12, 2009, within 120 days of commencement of the action, a licensed

process server served defendant, MICHAEL HEILBRON, at his place of employment, The

Carlyle Hotel, by delivering a copy of the summons and complaint to a person of suitable age

and discretion.  Thereafter, on June 15, 2009, the process server mailed a copy of the summons

and complaint to defendant's work address. In addition, on June 17, 2009, I mailed a copy of the summons and complaint to defendant at his home. Finally, on June 18, 2009, I filed the proofs of service with the Court via the ECF system. The process server's Affidavit of Service and my Affirmation of Service are collectively attached as Exhibit B.

4.     Defendant's time to serve an Answer has expired and has not been extended. To date, defendant has failed to appear in the instant action. The instant application is made within one year of the default.

5.     Plaintiff personally verified the Complaint (Exhibit A) which therefore serves as an affidavit of the facts constituting the claim and the amount due. CPLR § 3215(f).

6.     Plaintiff's complaint has merit. Specifically, the complaint alleges, *inter alia*, that defendant assaulted and battered plaintiff. *Id.* Thus, the verified complaint alone is sufficient for the Court to grant plaintiff a default judgment.

7.     However, plaintiff offers additional proof. Specifically, on February 5, 2009, defendant plead guilty to Assault in the Third Degree (Penal Law § 120.00), a Class A Misdemeanor, and was sentenced to a Conditional Discharge and five days of community service. Attached hereto collectively as Exhibit C are the felony complaint, a Certificate of Disposition, and the transcript from defendant's plea and sentencing.[1]

8.     Defendant's conviction of Assault in the Third Degree arising out of the same events as those alleged in this action established his civil liability for damages for assault and battery and collaterally estopps him from contesting liability herein. *Bazazian v. Logatto*, 299 A.D.2d 433 (2d Dept. 2002); *Costello v. Lupinacci*, 253 A.D.2d 478 (2d Dept. 1998).

---

[1]     It appears that the Judge misstated the dated during the plea allocution. However, the time and place of the occurrence that the Judge referred to match those set forth in the felony complaint.

9.    Accordingly, the Court should award plaintiff a default judgment against defendant and set this matter down for an Inquest on damages.

10.    No prior application for the relief requested herein has been made.

WHEREFORE, plaintiff respectfully requests that the Court issue an order awarding him a default judgment against defendant, MICHAEL HEILBRON, scheduling an Inquest, and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       July 20, 2009

                                        *Eric E. Rothstein*
                                        Eric E. Rothstein

## AFFIRMATION OF SERVICE

STATE OF NEW YORK     )
                          )ss.:
COUNTY OF NEW YORK   )

       ERIC E. ROTHSTEIN, an attorney duly admitted to practice law before the Courts of the State of New York, being duly affirmed pursuant to CPLR § 2106, deposes and says:

       I am not a party to the within action; I am over 18 years of age; I reside in New York, New York.

       On July 20, 2009, I served a copy of the original **Notice of Motion** upon:

Michael Heilbron
30-18 88th Street
Flushing, New York 11369
(home address)

and

Michael Heilbron
c/o The Carlyle Hotel
Stewarding Department
52 East 77th Street
New York, New York 10021
(work address)

       at the above address(es) by depositing a true copy of same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Service within the State of New York.

Dated:        New York, New York
               July 20, 2009

*Eric E. Rothstein*
Eric E. Rothstein

# EXHIBIT D

ORIGINAL

Short Form Order

NEW YORK SUPREME COURT - QUEENS COUNTY

Present: Honorable, **ALLAN B. WEISS** IAS PART 2
              Justice

---

BENJAMIN PLAZA, JR.,

          Plaintiff,

   -against-

MICHAEL HEILBRON,

        Defendant.

Index No: 700053/09

Motion Date: 8/19/09

Motion Cal. No.: 15

Motion Seq. No.:

---

The following papers numbered 1 to 8-3 read on this motion by by
plaintiff for leave to enter a default judgment and proceed to
inquest for an assessment of damages.

                                     PAPERS
                                 NUMBERED

Notice of Motion-Affidavits-Exhibits ..........  8 - 8-3
Answering Affidavits-Exhibits...................
Replying Affidavits............................

    Upon the foregoing papers it is ordered that this motion for
a default judgment against the defendant, MICHAEL HEILBRON, is
granted without opposition.

    An inquest and trial on damages shall be held on November
4th, 2009 at 11:00 a.m. in Part 2, courtroom 46 of the Courthouse
located at 88-11 Sutphin Blvd., Jamaica, N.Y. Plaintiff shall
file a Note of Issue no later than 20 days prior to the date set
herein for the inquest.

    A copy of the order with notice of entry and a copy of the
Note of Issue shall be served on the defendant, MICHAEL HEILBRON
by regular mail at least twenty (20) days prior to the scheduled
inquest date.

Dated: August 31, 2009
D# 39

                            .............................
                                 J.S.C.

# EXHIBIT E

## NYSCEF - Supreme & Court of Claims (Live System)

# 700053/2009 - Queens County Supreme Court

Short Caption: **BENJAMIN PLAZA JR. vs MICHAEL HEILBRON**

Case Type:       **Tort**
Case Status:     **Pre-RJI**
eFiling Status:  **Waiting for Consent**
Assigned Judge:

**Narrow By Options**

Document Type:   | Please select...                  ▼ |   Filed By:

| Please select...               ▼ |

Motion Number:   | Please select...                  ▼ |   Filed Date:

📅   thru   📅

Document Number:

**Sort By:** | Doc #   ▼ |
*To view details, click on the **Doc #** link*

| Doc # | Document Type Information | Status | Received Date Filing User | View |
|-------|---------------------------|--------|---------------------------|------|
| 1 | Summons + Complaint<br>Summons and Complaint | Processed | 03/30/2009<br>Rothstein, E. | Confirmation Notice |
| 2 | | Deleted | | |
| 3 | | Deleted | | |
| 4 | | Deleted | | |
| 5 | | Deleted | | |
| 6 | | Deleted | | |
| 7 | Proof of Service<br>Affidavit of Service | Processed | 06/18/2009<br>Rothstein, E. | Confirmation Notice |
| 8 | NOTICE OF MOTION (Motion# 001)<br>Default Judgment | Processed | 07/20/2009<br>Rothstein, E. | Payment Receipt<br>Confirmation Notice |
| 8-1 | EXHIBIT(S) (Motion# 001)<br>Exhibit | Processed | 07/20/2009<br>Rothstein, E. | Confirmation Notice |
| 8-2 | EXHIBIT(S) (Motion# 001)<br>Exhibit | Processed | 07/20/2009<br>Rothstein, E. | Confirmation Notice |
| 8-3 | EXHIBIT(S) (Motion# 001)<br>Exhibit | Processed | 07/20/2009<br>Rothstein, E. | Confirmation Notice |
| 9 | RJI -re: Notice of Motion ($95. fee)<br>RJI | Processed | 07/21/2009<br>Rothstein, E. | Payment Receipt<br>Confirmation Notice |
| 10 | Order | Processed | 09/01/2009<br>Court User | Confirmation Notice |
| 11 | Note of Issue w/ RJI previously paid (Fee required - 30.00)<br>Note of Issue | Processed | 09/01/2009<br>Rothstein, E. | Payment Receipt<br>Confirmation Notice |

| 12 | Proposed Judgment | Returned For Correction *Secured* | | |
| 13 | Proposed Judgment | Returned For Correction *Secured* | | |
| 14 | Transcript | Processed | 11/16/2009 Court User | Confirmation Notice |
| 15 | Proposed Judgment | Processed *Secured* | 11/16/2009 Rothstein, E. | |
| 16 | JUDGMENT Judgment entered in the Queens County Clerk's Office on November 18, 2009 | Processed | 11/18/2009 Court User | Confirmation Notice |
| 17 | NOTICE OF MOTION  (Motion# 002) | Processed *Secured* | 01/12/2011 Rothstein, E. | |
| 17-1 | EXHIBIT(S)  (Motion# 002) | Processed *Secured* | 01/12/2011 Rothstein, E. | |
| 17-2 | EXHIBIT(S)  (Motion# 002) | Processed *Secured* | 01/12/2011 Rothstein, E. | |
| 17-3 | EXHIBIT(S)  (Motion# 002) | Processed *Secured* | 01/12/2011 Rothstein, E. | |
| 18 | ORDER - OTHER DIRECTING COUNTY CLERK TO CONVERT ACTION TO HARD COPY | Processed | 02/22/2011 Court User | Confirmation Notice |

# EXHIBIT F

NYSCEF DOC. NO. 18                                          RECEIVED NYSCEF: 02/22/2011

Short Form Order

ORIGINAL

NEW YORK SUPREME COURT - QUEENS COUNTY

Present: Honorable, **ALLAN B. WEISS** IAS PART 2
                        Justice

4/17 2011

_____

BENJAMIN PLAZA, JR.,

                    Plaintiff,

          -against-

MICHAEL HEILBRON,

                    Defendants.
_____

Index No: 700053/09

Motion Date: 2/16/11

Motion Cal. No.: 16

Motion Seq. No.: 2

The following papers numbered 1 to 17-3 read on this motion by
plaintiff for an Order directing the defendant to comply with the
information subpoena served pursuant to CPLR 5224(3)

                                                         PAPERS
                                                        NUMBERED

Notice of Motion-Affidavits-Exhibits-Proof of Service.. 17 - 17-3
Answering Affidavits-Exhibits...........................
Replying Affidavits.....................................

        Upon the foregoing papers it is ordered that this motion is
denied without prejudice.

        A judgment was previously entered in the plaintiff's favor,
against the defendant, on November 18, 2009 which remains unpaid.

        In aid of collecting the judgment, the plaintiff attempted
to serve the defendant with an information subpoena together with
interrogatories by certified mail return receipt requested. The
certified mailing was returned marked "unclaimed" by the post
office. Plaintiff now moves for an Order directing the defendant
to obey the subpoena.

        Although CPLR 5224(a)(3)provides that service of an
information subpoena may be made by registered or certified mail,
return receipt requested, such method of service is merely an
alternative to the general means of service of a subpoena set
forth in CPLR 2303 (see <u>Star Brite Painting, Inc. v. Dubie's Hot
Spot Inc</u>., 2 Misc.3d 1004[A][Table] citing <u>Jack Mailman & Leonard</u>

<u>Flug DDS, PC, v. Belvecchio</u>, 195 Misc.2d 275
[N.Y.Sup.App.Term,2nd Dept 2002]). CPLR 5224(a) also provides
that answers to the information subpoena's interrogatories must
be returned within seven days "after receipt." Inasmuch as the
failure to obey an information subpoena is punishable by a civil
contempt under Judiciary Law § 753(A)(5) and CPLR 5251 which may
result in the defendant's incarceration, actual receipt of the
subpoena and interrogatories is necessary for compliance
therewith and as a predicate for a finding of contempt (see <u>Jack
Mailman & Leonard Flug DDS, PC, v. Belvecchio</u>, supra;
<u>Metropolitan Life Ins. Co. v. Young</u>, 157 Misc.2d 452 [New York
County Civ. Ct., 1993]).

    The plaintiff, in this case, knowing that the defendant did
not receive the mailings which were returned and marked
unclaimed, is required to serve the subpoena in accordance with
CPLR 2303. Plaintiff's claim that he should not be penalized for
the defendant's failure to claim the mailings is unpersuasive.
There is no marking on the mailings by the post office that the
defendant resides at the address provided or that he refused
delivery. Nor has plaintiff submitted any evidence to demonstrate
that the address to which the subpoena was mailed is the
defendant's residence or that his place of employment could not
be ascertained or that it was even attempted. Inasmuch as the
subpoena has not been received by the defendant, his response is
as not yet due. Accordingly, the plaintiff's motion is denied.

    In addition, this action shall no longer proceed by
e-filing. The plaintiff has not submitted proof that the
defendant has consented to the action proceeding by e-filing as
required by 22 NYCRR 202.5-b(b)(2)(i) which permits e-filing only
upon the consent of all parties.

    Accordingly and pursuant to the express provisions of
22 NYCRR 202.5-b(b)(2)(iv), the Clerk of the Supreme Court is
directed to, forthwith, convert into hard copy those documents
comprising the case file of this action filed under Index No.
700053/09 which had been received electronically.

Dated: February 22, 2011
D# 44

.........J.S............
                                        J.S.C.

2011 FEB 22 PM 3: 11

QUEENS CO CLERK

# EXHIBIT G



C100542

Block
1385

LOT
13

— Quitclaim Deed – Individual or Corporation (single sheet) —

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE**, made the 20th day of April in the year 2012,

**BETWEEN**

Michael Heilbron, residing at 28-11 44th Street, East Elmurst, New York 11369, Elvira Soto, residing at 30-18 88th Street, East Elmurst, New York 11369, and Luis Heilbron, residing at 37-42 Hampton Street, Elmurst, New York 11373

party of the first part, and , Elvira Soto, residing at 30-18 88th Street, East Elmurst, New York, 11369,

party of the second part;

**WITNESSETH**, that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby remise, release and quitclaim unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the see Schedule "A" annexed hereto.

**TOGETHER** with all right, title and interest, if any, of the party of the first part of, in and to any streets and roads abutting the above-described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF**, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

_[signature]_                                SEAL

_Michael Heilbron_ - Party of the first part.

_Elvira Soto_ - Party of the first part.

_[signature]_
MARIELA JULISSA MARINEZ
NOTARY PUBLIC STATE OF NEW YORK
BRONX COUNTY
LIC. #02MA6225335
COMM. EXP. 7-19-2014

_Luis Heilbron_ - Party of the first part