GEORGE BASSIAS ATTORNEY LLC
ATTORNEYS FOR DEFENDANT
MICHAEL HEILBRON
21-83 STEINWAY STREET
ASTORIA, NY 11105
718-721-4441

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X ADV. PROC. NO. 18-01055-ess
BENJAMIN PLAZA, JR.,
Chapter 7 Creditor
                        Plaintiff,
v.
MICHAEL HEILBRON,
                        Defendant.
-------------------------------------------------------X

                        AFFIRMATION OF GEORGE BASSIAS IN
                        OPPOSITION TO THE MOTION FOR
                        SUMMARY JUDGMENT OF BENJAMIN
                        PLAZA, JR.

George Bassias, an attorney duly admitted to practice law in the Eastern District of New York affirms and states the following to be true under penalty of perjury.

1. I am debtor Michael Heilbron's attorney and as such am familiar with this case.

2. This is an action by which Plaintiff Benjamin Plaza, Jr.("Plaintiff"), seeks to determine a debt allegedly owed to him to not be dischargeable pursuant to 11 U.S.C. Section 523(a)(6). The matter was scheduled for trial but after

discovery, plaintiff informed the court that he decided to file a motion for summary judgment instead.

3. 11 U.S.C Section 523(a)(6) provides, in pertinent part, as follows:

   (a) Discharge under Section 727..of this title does not discharge an individual debtor from any debt....
   (b) for willful and malicious injury by the debtor to another entity or to the property of another entity.

4. It appears clear that the injury allegedly inflicted by debtor must have been done willfully and maliciously.

5. Plaintiff by his counsel in their memorandum of law acknowledges that plaintiff has the burden of proof by preponderance of the evidence. (Page 2, plaintiff's memorandum of law. See also, Grogan v. Garner, 498 U.S. 279, 291, 111 S.Ct. 654 (1991).

6. Debts which arise from recklessly inflicted injuries do not fall within 11 U.S.C. 523(a)(6) and are discharged, and a determination of non-dischargeable debt requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury (Kawaauhu v. Geiger, 523 US 57, 118 S.Ct. 974(1998). (See also Vyshedsky v. Soliman, Adv Proc 13-01106 mg, Southern District of New York. Plaintiff's motion for summary

judgment based upon collateral estoppel denied without prejudice pending an evidentiary hearing by the bankruptcy judge to determine whether or not debtor who bit plaintiff and pled guilty to Assault in the third degree, did so with the deliberate or intentional act to injure his nose not just a deliberate or intentional act that led to the injury. Same penal law charge 120.00 as Heilbron which allows for reckless assault). Applying these cases, it is not enough that debtor hit plaintiff while engaged in a mutual fight. Plaintiff must prove debtor intended to break plaintiff's jaw.

7. In his motion, Plaintiff first makes the argument that the above burden of proof will be met and then argues Collateral Estoppel is a bar to discharge since debtor pled guilty to Assault in the Third Degree. In addition, plaintiff argues that debtor was unsuccessful in making a motion to set aside a default judgment in the civil action. It is debtor's position that the doctrine of Collateral Estoppel does not apply in this case for the following reasons.

8. The doctrine of Collateral Estoppel is concerned with "issues" raised in different suits between the same parties. If the issue was raised in a previous suit, collateral estoppel bars relitigating of the same issues. In order for Collateral estoppel to apply four conditions must be met. First, the issue must be identical to the one in the prior action. The first Court in

determining factual issues, must have used standards identical to those standards which would be used by the second court in determining the same issue ; second, the issue must actually have been litigated and adjudicated in the prior action, and this does not apply to default judgments or stipulated judgments unless it's clear on the record that the parties intended to be bound by it in future suits. An issue must be fully adjudicated. Full adjudication requires that the Court makes specific findings concerning the issue. The issue must have been material and relevant to the disposition of the first action; third, there must be a trial on the merits; the fourth requirement of Collateral Estoppel mandates that the determination of the issue was essential and necessary to the prior judgment (Washington and Lee Law Review, Volume 37, Issue 1, Article 16 page 282-283; see also <u>Heiser v.Woodruff</u>, 327 U.S. 726, 732-33 (1946), In Re Ross, 602 F.2d 604, 607 (3d Cir. 1979), <u>Montana v. United States</u>, 440 U.S. 147, 153 (1979), <u>Cromwell v. County of Sac</u>, 94 U.S. 351, 352 (1876), Brown v. Felsen, 99 S. Ct. 2205 (1979).

9. The Supreme Court has held that a bankruptcy Court is not limited to the judgment and record of a prior state Court proceeding when considering the dischargeability of a debt (<u>Brown v. Felsen</u>, 99 S. Ct. 2205 (1979).

10. This Court can make its own determination in spite of the claim by Plaintiff that Res Judicata and Collateral Estoppel bar debtor from asserting facts. In fact, there is a case in this very district where Judge Alan Trust did just that (See <u>Piotr Niedzwiecki v. Steven P. Mangiapanella Aversary</u> Adv. Proc. Case # 06-8461-ast, Debtor who ran over Plaintiff with his car was discharged in spite of pleading guilty to a felony of reckless assault 2nd degree (A more severe guilty plea than this case). Judge Trust weighed the evidence at trial and found Plaintiff was not credible).

11. Similarly, in this case, debtor submits that a trial would show that Plaintiff is not a credible witness (See affidavit of Michael Heilbron and witness which contradict plaintiff's claims).

12. Based upon the above argument, there is no collateral estoppel here. The issues raised in bankruptcy court are not identical to the State Court and the standards used are different. Furthermore, there was never a trial in the State Court proceeding. The defendant and plaintiff never testified and there clearly was not a complete adjudication. The Debtor pled guilty to assault in the third degree without a trial and there was no stipulation as to it being applied to future suits. In addition, there was a default judgment in the civil lawsuit, therefore, Collateral Estoppel cannot apply.

13. I respectfully submit that after reviewing the evidence in opposition, the Court will find that Plaintiff Benjamin Plaza, Jr. is not credible and did not meet the burden of proof by the preponderance of the evidence.

Dated: Queens, NY
December 22, 2018

_____
George Bassias, Esq.